# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **JERRY LEVINGSTON** | * | **CIVIL ACTION NO. 08-1336** |
| **VERSUS** | * | **JUDGE JAMES** |
| **T G C INDUSTRIES, INC., ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to dismiss filed by defendants, TGC Industries, Inc., Jerry Tanner, Reggie Parrish [doc. # 5]; the Attorney General for the State of Louisiana [doc. # 13]; and the Attorney General for the State of Texas [doc. # 17].

## BACKGROUND

On September 4, 2008, pro se plaintiff Jerry Levingston filed the instant civil rights action *in forma pauperis* against his former employer, TGC Industries, Inc. ("TGC"); former co-employees, Butch Parrish, Jerry Tanner, Greg Bergeron, and Tim Bishop; and the attorneys general of Louisiana and Texas.[1] Plaintiff alleges that "[d]efendants did prohibit and prevent blacks from equal employment, raises, and other benefits that whites enjoyed." (Complaint, Facts). He contends that defendants discriminated against him on the basis of his race and that

---

[1] According to an attachment to his complaint, Levingston was employed by TGC until November 7 or December 4, 2007. *See*, May 28, 2008, Decision of Administrative Law Judge, Docket No. M 00494 AT 2008 issued by the Louisiana Department of Labor (hereinafter, "LDL Decision"). The LDL Decision reversed an agency ruling that had initially disqualified plaintiff for unemployment benefits. *See*, Complaint. *Id.* Although the LDL Decision states that Levingston's employment ended in November-December 200*8*, this evidently was an error because the decision was issued in May 2008.

their actions amounted to "cruel and unusual punishment without due process and equal protection of law." *Id*. He asserts that defendants conspired to deprive him of his constitutional and/or equal employment rights. *Id*. Levingston seeks $ 1 million in compensatory damages and $ 1 million in punitive damages against each defendant individually, and jointly, for his mental anguish and pain and suffering. *Id*. Plaintiff also requests a preliminary and permanent injunction barring defendants from perpetuating actions and policies that violate his constitutional rights. *Id*.

In October 2008, several defendants filed motions to dismiss plaintiff's complaint. TGC, Tanner, and Parrish contend that the court lacks subject matter jurisdiction to hear plaintiff's employment discrimination claim under Title VII of the Civil Rights Act of 1964, because he failed to exhaust his administrative remedies before filing suit. (M/Dismiss [doc. # 5]). Fed.R.Civ.P. 12(b)(1).[2] Tanner and Parrish also contend that plaintiff's complaint fails to state a claim for relief against them under Title VII because they were not his "employer." Fed.R.Civ.P. 12(b)(6). TGC, Tanner, and Parrish further allege that plaintiff's complaint does not state a claim against them under 42 U.S.C. §§ 1983 and 1985. Finally, TGC, Tanner, and Parrish argue that the complaint must be dismissed for insufficient service of process and for insufficient process. Fed.R.Civ.P. 12(b)(4) & (5).

The Attorney General of Texas filed a motion to dismiss asserting that this court lacks personal jurisdiction over said defendant; the Attorney General of Texas is entitled to immunity under the Eleventh Amendment; the Attorney General of Texas is not a "person" for purposes of 42 U.S.C. §§ 1983 or 1985; and the complaint generally fails to state an actionable claim against

---

[2] However, this issue will be treated as a motion to dismiss for failure to state a claim upon which relief may be granted, Fed.R.Civ.P. 12(b)(6). *See*, fn.11.

the Attorney General of Texas. Fed.R.Civ.P. 12(b)(1)(2) & (6). (M/Dismiss; [doc. # 17]). Finally, the Attorney General of Louisiana filed a motion to dismiss for insufficiency of service of process, Fed.R.Civ.P. 12(b)(5). (M/ Dismiss; [doc. # 13]).

Plaintiff failed to respond to the foregoing motions within the applicable delays. (*See*, notices of motion setting [doc. #s 7, 15, & 18]). However, the undersigned deferred consideration of the motions to afford plaintiff the opportunity to amend his complaint to set forth factual allegations that addressed not only the moving defendants' grounds for dismissal, but also to remedy insufficient factual allegations against defendants (both moving and non-moving) as raised by the court *sua sponte*. *See*, November 21, 2008, Memorandum Order [doc. # 21];[3] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("district court may dismiss an action on its own motion under Rule 12(b)(6) 'as long as the procedure employed is fair.'");[4] *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

In response to the court's order, plaintiff submitted a copy of a recently issued EEOC

---

[3] The undersigned construed plaintiff's complaint as suggesting potential claims for employment discrimination under federal (Title VII of the Civil Rights Act of 1964) and Louisiana state law, and for constitutional violations typically advanced pursuant to 42 U.S.C. §§ 1983 & 1985. *See*, November 21, 2008, Memorandum Order [doc. # 21]. The order informed plaintiff that the court was considering applying the various grounds for dismissal urged by the moving parties to other similarly situated defendants in this case. *Id*.

[4] *See also*, 28 U.S.C. § 1915(e)(2)(B)(I), (ii) and (iii). As the court did here, a pro se plaintiff should be permitted to amend his complaint before the court considers dismissal for failure to state a claim. *See, Dark v. Potter*, 2008 WL 3911077 (5th Cir. Aug. 26, 2008) (unpubl.).

3

right to sue notice. [*See*, doc. # 24].⁵  He also filed an opposition to the motion to dismiss filed by TGC. (Pl. Traverse [doc. # 5]).  The matter is now before the court.

## DISCUSSION

### I. Personal Jurisdiction

Defendant Attorney General of Texas seeks dismissal, amongst other reasons, due to lack of in personam jurisdiction.⁶  Since there is no federal statute authorizing nationwide service for § 1983 claims, personal jurisdiction must be established pursuant to the laws of the forum state. *Hartman v. Low Sec. Correctional Institution Allenwood*, 2004 WL 34514 (S.D. N.Y. Jan. 7, 2004) (citation omitted).⁷  Louisiana's long-arm statute extends jurisdiction to the full limits of the Constitution.  *See*, La. R. S. § 13:3201(B).  Thus, the sole issue is whether exercising *in personam* jurisdiction over the Texas Attorney General comports with federal due process.

Once a nonresident defendant has filed a motion to dismiss for lack of personal jurisdiction, the party invoking the court's jurisdiction bears the burden of establishing contacts by the nonresident defendant sufficient to invoke the jurisdiction of the court.  *D.J. Investments v.*

---

⁵ The EEOC sent copies of the notice to TGC's human resources manager, Debbie Rice, and to TGC's counsel in this case. *Id*.  The notice incorrectly referred to TGC as "TCG." *Id*

⁶ Courts are obliged to consider personal jurisdiction before reaching the merits of a claim.  *See, Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).  The undersigned's resolution of defendant's motion for dismiss for lack of personal jurisdiction forecloses the necessity and authority to address the Texas Attorney General's alternative grounds for dismissal.  Although other defendants in this case have also challenged the sufficiency of plaintiff's service efforts, they have not contested that they are ultimately amenable to service.  Indeed, a defendant may waive any potential challenge to the court's exercise of personal jurisdiction.  *See, Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 1570 (1999) (citations omitted).

⁷ "[A] majority of commentators agree that Rule 4(e) incorporates the forum state long-arm statute when the federal statute sued under does not provide for a nationwide service of process . . ." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 427 (5th Cir. 1986) (citations omitted).

*Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545 (5th Cir.1985). When, as here, the court resolves a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, plaintiff need only make a prima facie showing of the jurisdictional facts. *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).[8]

For personal jurisdiction to satisfy due process requirements, the plaintiff must establish that "(1) the defendant purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Moncrief Oil Intern., Inc. v. OAO Gazprom*, 481 F.3d 309 (5th Cir. 3/12/07) (citations omitted).

The "minimum contacts" prong divides contacts into those that give rise to general jurisdiction and those that give rise to specific jurisdiction. *Freudensprung, supra*. General jurisdiction may be exercised when a defendant's contacts with the forum state are "continuous and systematic," regardless of whether the action is related to the forum contacts. *Seiferth*, 472 F.3d at 270 (citations omitted). Specific jurisdiction applies where the non-resident defendant has relatively few contacts with the forum state, but the suit arises out of or is related to the defendant's contacts with the forum. *Id.* (citations omitted).[9]

In this case, plaintiff's complaint is devoid of any factual allegations to demonstrate that

---

[8] The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006).

[9] "A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants [sic] contacts with the forum state." *Freudensprung, supra* (citations omitted).

the Texas Attorney General exercised requisite minimum contacts with Louisiana to support personal jurisdiction. Conclusory allegations of conspiracy, even if the effects are allegedly felt in the forum state, do not suffice. *Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984). Plaintiff has not met his prima facie burden; personal jurisdiction is lacking.[10]

## II. Failure to State a Claim

### a) 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

---

[10] Having determined that no minimum contacts exist to exercise jurisdiction over the Texas Attorney General, the court need not consider whether such jurisdiction would violate traditional notions of fair play and substantial justice. *Moncrief Oil Intern., Inc.*, *supra*.

Rather than dismiss a defendant for lack of personal jurisdiction, the court shall, in the interest of justice, transfer the case to another district where the action may have been brought. *See*, 28 U.S.C. § 1631. In this case, however, a transfer would not be in the interest of justice because, for the reasons stated below in the discussion regarding the Louisiana Attorney General, plaintiff does not appear to state a claim against the Texas Attorney General. *See*, discussion, *infra*.

the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted).

**b) Title VII**

1) <u>Exhaustion</u>

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. *Taylor v. Books A Million, Inc.* 296 F.3d 376, 378 -379 (5th Cir. 2002); *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir.1996).[11] A Title VII plaintiff exhausts administrative remedies when he files a timely charge with the EEOC and receives a statutory notice of right to sue. *Id*. In a "deferral state" such as Louisiana,[12] the Title VII plaintiff must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory

---

[11] Contrary to defendants' motion, filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite, it is simply a "precondition to filing suit in district court." *Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (citing *Zipes v. TWA, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 1132 (1982); *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584 (5th Cir.1981) (en banc)). Failure to comply with a condition precedent does not mean that the district court lacks subject matter jurisdiction if the case is otherwise properly before it. *Harris v. Amoco Production Co.*, 768 F.2d 669, 680 (5th Cir. 1985). Thus, at this stage, the administrative exhaustion issue must be analyzed under Rule 12(b)(6). The practical result is that the court cannot rely upon evidence outside the pleadings. Fed.R.Civ.P. 12(d).

[12] "A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir.1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La. R.S. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct.1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D. La. 2004).

employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000) (unpubl.); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed. Appx. 212, 214, 2004 WL 902304 (5th Cir. 2004) (unpubl.). Once the plaintiff has exhausted administrative remedies by presenting his claim to the EEOC and receiving a right to sue letter, he must file suit in federal court within 90 days of receipt of the EEOC's notice of the right to sue. 42 U.S.C. § 2000e-5(f)(1). The failure to exhaust administrative remedies or to file suit in federal court in a timely manner renders the Title VII case subject to dismissal. *See, Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) (complaint that fails to allege or excuse exhaustion of administrative remedies is subject to dismissal).

Plaintiff has adduced a copy of an EEOC right to sue notice that was issued on November 12, 2008, – more than two months *after* he initiated the instant suit. [doc. # 24-2].[13] Usually, a suit filed before receipt of a right to sue letter is premature and therefore "subject to a motion to dismiss." *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982) (Unit B). However, "[t]he receipt of a right-to-sue letter . . . *while the action remains pending[]* satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII." *Pinkard*, 678 F.2d at 1219 (emphasis added).

While plaintiff clearly possesses a right to sue letter, it is still not known whether he timely filed the underlying charge or whether the charge is related to the allegations in this suit. These questions are not resolved by plaintiff's pleadings despite instructions by the court to provide this information. (*See*, November 21, 2008, Memorandum Order). Nonetheless, unless the EEOC summarily issued the right to sue letter (i.e. within two to three months after plaintiff

---

[13] Plaintiff's submission of the right to sue letter effectively amended his complaint. *See, Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (court must look beyond pro se complaint and consider subsequently filed materials as amendments thereto).

filed his charge), then the letter demonstrates a reasonable likelihood that plaintiff filed his charge within 300 days of the alleged adverse employment action. Under these circumstances, the court cannot conclude that plaintiff failed to timely exhaust his administrative remedies before filing his Title VII claim.[14]

      2) <u>Employer</u>

Generally, only employers may be liable under Title VII. *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (citations omitted). To qualify as a defendant under Title VII, two conditions must be met: 1) the defendant must fall within the statutory definition and 2) there must be an employment relationship between the plaintiff and the defendant. *See, Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117, 118 n2 (5th Cir. 1993) (citation omitted). Moreover, it is well settled in the Fifth Circuit that "individuals are not liable under Title VII either in their individual or official capacities." *Ackel v. National Communications, Inc.,* 339 F.3d 376, 381, n.1 (5th Cir. 2003); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002); *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir. 1999).[15]

---

[14] If TGC wishes to pursue the exhaustion issue, then it must demonstrate through competent summary judgment evidence that plaintiff failed to timely exhaust his administrative remedies. *See, Lewis v. City of Ruston, Louisiana*, 2008 WL 2674040 (W.D. La. Jul. 7, 2008) (employer required to demonstrate through competent summary judgment evidence that plaintiff failed to exhaust administrative remedies) (citing *White v. Goodyear Tire*, 96 F.3d 1444, 1996 WL 512054 (5th Cir. Aug. 26, 1996) (unpubl.)).

    The court notes that TGC's president and chief executive officer, Wayne Whitener, averred in October 2008 that he was not aware of any EEOC charge filed by Levingston against TGC. (TGC's M/Dismiss, Exh. E [doc. # 5-3]). Even if the court were permitted to consider evidence outside of the pleadings, the affidavit is potentially controverted by the November 12, 2008, right to sue letter which references EEOC Charge No. 461-2009-00003. [doc. # 24-2].

[15] The Fifth Circuit has held that "Congress' purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII." *Indest*, 164 F.3d at 262 (citations omitted); *see also Smith*, 298 F.3d at 448.

In this case, the undersigned previously noted that plaintiff's complaint contained no allegations or basis for finding that the attorneys general and the individual defendants were his "employer" under Title VII. (November 21, 2008, Memorandum Order). The court afforded plaintiff 30 days to amend his complaint to state requisite factual allegations that would support a Title VII claim against these defendants. *Id*. Plaintiff has not so complied; thus, the court is compelled to find that his complaint fails to state a claim under Title VII against defendants Butch Parrish, Jerry Tanner, Greg Bergeron, Tim Bishop, and the Attorney General of Louisiana. Fed.R.Civ.P. 12(b)(6).

### c) Employment Discrimination Under Louisiana State Law

#### 1) Notice and Conciliation Efforts

Under Louisiana law,[16] it is unlawful for an employer to discriminate against an employee on the basis of race. *See*, La. R.S. 23:332. However, before filing a suit for relief under Louisiana's employment discrimination provisions, plaintiff must first provide his employer with 30 days advance written notice of the alleged discriminatory conduct, and both parties must make a good faith effort to resolve the dispute. *Plaisance v. Airgas-Gulf States, Inc.*, 2008 WL 1730535 (E.D. La. Apr. 10, 2008) (citing La. R.S. 23:303(C)). Failure to do so renders a suit premature and subject to dismissal. *Plaisance, supra* (citations omitted). Nevertheless, some courts have held that the filing of an EEOC charge may provide the written notice required by Section 23:303(C). *Id*. (citations omitted).[17] Due to the reasonable possibility that plaintiff's EEOC charge fulfilled the notice and conciliation requirements under Louisiana law, the court

---

[16] TGC appears to be a Texas company, but it is not clear whether the alleged discriminatory conduct occurred in Louisiana or Texas. In the final analysis, TGC's conduct may be regulated by Texas law.

[17] If the EEOC finds reasonable cause that the charge is true, it is required to pursue conciliation efforts with the employer. *See*, 42 U.S.C. § 2000e-5(b).

cannot conclude that plaintiff's claim is premature.

        2) Employer

Louisiana defines an "employer" as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. . . ." La. R.S. 23:302(2) (in pertinent part). As with Title VII, individual defendants who do not meet the above definition are not subject to liability in their individual or official capacities under Louisiana employment discrimination provisions. *See, Smith, supra*; *King v. Phelps Dunbar, L.L.P.*, 743 So.2d 181, 185, 1998-1805 (La. 1999).[18]

In this case, the undersigned previously observed that plaintiff's complaint contained no allegations or basis for finding that the Louisiana Attorney General and the individual defendants were plaintiff's "employer" for purposes of Louisiana's employment discrimination law. (November 21, 2008, Memorandum Order). Accordingly, the court afforded plaintiff 30 days to amend his complaint to state requisite factual allegations that would support an employment discrimination claim under Louisiana law against these defendants. *Id*. Plaintiff did not so amend his complaint; thus, the court is compelled to find that his complaint fails to state a claim under state employment discrimination laws against defendants Butch Parrish, Jerry Tanner, Greg Bergeron, Tim Bishop, and the Attorney General of Louisiana.

    **d) Constitutional Claims Under 42 U.S.C. §§ 1983 and/or 1985**

        1) § 1983

---

[18] To the extent that Texas law may regulate defendants' conduct, the court notes that Texas employment discrimination statutes were modeled on federal law; therefore, supervisors and managers who do not meet the definition of "employer" under Title VII are likewise not liable for alleged acts of discrimination under Texas employment discrimination laws. *Rodriguez v. Corvel Corp.*, 2001 WL 685734 (W.D. Tex. Mar. 29, 2001) (citations omitted).

To state a claim under 42 U.S.C. § 1983, plaintiff must show that he suffered the deprivation of a specific right secured by the Constitution of the United States and that the deprivation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55 (1988); *Leffall v. Dallas Independent School District,* 28 F.3d 521, 525 (5th Cir. 1994); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir. 1993). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted). However, a private party may be subject to suit under § 1983 where the alleged infringement of federal rights are "fairly attributable to the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S.Ct. 2764, 2770 (1982).

To determine whether the deprivation of a protected right is fairly attributable to the State, the court "begins by identifying the specific conduct of which the plaintiff complains." *Cornish, supra* (citation omitted). Here, plaintiff contends that defendants conspired to deprive him of his constitutional right to be free from racial discrimination. (Compl., Facts).[19] However, "conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Arseaneaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982) (citation omitted). Morever, this court previously pointed out that plaintiff's allegations were inadequate to state a § 1983 claim against the private actor defendants, and directly afforded plaintiff an opportunity to amend his complaint to cure the deficiencies. (November 21, 2008, Memorandum Order).

---

[19] In other words, his complaint suggests that the private actor defendants participated in a "joint action" with the two state attorneys generals. *See, Cornish, supra* (under the "joint action test" private actors are deemed state actors where they are "willful participant[s] in joint action with the State or its agents.") (citation omitted).

However, he did not so amend; thus his existing complaint necessarily fails to state a claim for relief under 42 U.S.C. § 1983 against defendants TGC, Butch Parrish, Jerry Tanner, Greg Bergeron, and Tim Bishop. In addition, his complaint fails to state a § 1983 claim against the Louisiana Attorney General because there are no *factual* allegations to establish that the state officer violated any of his constitutional rights. *See, Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (plaintiff must allege facts which demonstrate that the defendant either personally participated in the act causing the alleged constitutional deprivation, or that he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights).

    2) <u>§ 1985</u>

Plaintiff alleges that defendants made a concerted and systematic effort to conspire to deprive him of his constitutional rights. (Complaint, Facts). To the extent that these conclusory allegations are meant to invoke § 1985, the court observes that to state a claim under § 1985(3), plaintiff must allege

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-653 (5th Cir. 1994).

Moreover, for purposes of asserting a conspiracy claim, plaintiff must assert the "operative facts upon which the claim is based." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-1370 (5th Cir. 1987). Conclusory allegations of conspiracy do not suffice. *Arsenaux, supra*. Again, despite having been afforded the opportunity to amend his pleadings, plaintiff's complaint lacks any factual basis to support a conspiracy between the defendants. Accordingly, plaintiff's complaint fails to state a § 1985 claim against defendants TGC, Butch Parrish, Jerry Tanner, Greg Bergeron, Tim Bishop, and the Louisiana Attorney General.

### III. Service of Process[20]

TGC contends that it was not properly served, and thus it is entitled to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(4) & (5).[21] In his response, however, plaintiff intimated that he had not yet attempted to serve TGC. (*See*, Pl. Traverse [doc. # 25]). Of course, the rules generally require plaintiff to serve a defendant within 120 days after the complaint is filed, and that period has recently lapsed in this case. Fed.R.Civ.P. 4(m). Nonetheless, the court enjoys the discretionary authority to extend the service period – even if plaintiff lacks good cause for failing to timely effect service. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). In light of plaintiff's pro se status and the pendency of the instant motions to dismiss, the undersigned finds that plaintiff should be afforded an additional 30 days to perfect service against defendant TGC.

### IV. Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc. # 5] filed by defendants TGC Industries, Inc.; Butch Parrish; and Jerry Tanner be **GRANTED in part, DISMISSING WITH PREJUDICE**: 1) plaintiff's claims against defendants Butch Parrish and Jerry Tanner in their entirety; and 2) plaintiff's constitutional

---

[20] More than one defendant herein has sought dismissal for insufficient process and/or for insufficient service of process. Due to the proposed dismissal of plaintiff's claims on alternative grounds, however, the court need not address this basis for dismissal for any defendant other than TGC.

[21] Although Rules 12(b)(4) and 12(b)(5) sound similar, they are distinct. Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served. *International Fire and Safety, Inc. v. HC Services, Inc.*, 2006 WL 2403496 (S.D. Miss. Aug. 18, 2006). Whereas, Rule 12(b)(5) is the proper challenge when the wrong party is served with an otherwise proper summons and complaint. *Id*.

claims under 42 U.S.C. §§ 1983 & 1985 against defendant TGC Industries, Inc., preserving Plaintiff's remaining employment discrimination claims against TGC.

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss [doc. # 5] otherwise be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against defendants Greg Bergeron, Tim Bishop, and the Attorney General of Louisiana be **DISMISSED, with prejudice, in their entirety** pursuant to Fed.R.Civ.P. 12(b)(6).

**IT IS FURTHER RECOMMENDED** that the motion to dismiss [doc. # 17] filed by defendant Attorney General of Texas be **GRANTED on the basis of lack of in personam jurisdiction**, and that plaintiff's claims against said defendant be **DISMISSED**, **without prejudice**, in their entirety in accordance with Fed.R.Civ.P. 12(b)(2).

**IT IS FURTHER RECOMMENDED** that the motions to dismiss [doc. #s 13 & 17] filed by the defendant Attorneys General otherwise be **DENIED**, as moot.

**IT IS FURTHER RECOMMENDED** that plaintiff be granted a 30 day extension of time to perfect service against defendant TGC.

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of January, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE